UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00419-JRS-TAB |
| | ) |
| FIRST MERCHANTS BANK CORP., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PENDING MOTIONS**

On November 22, 2021, Plaintiff Deborah Walton filed what purports to be a motion for extension of the discovery deadline. [Filing No. 96.] In actuality, Walton's filing is a one-page letter dated November 17, 2021, directed to opposing counsel and requesting dates to take a Rule 30(b)(6) deposition. As Defendant First Merchants Bank points out in its response [Filing No. 97], Walton's "motion" fails to identify the relief sought, any justification for an extension, how long she is asking that discovery be extended, and otherwise fails to comply with Fed. R. Civ. P. 7(b). [Filing No. 97, at ECF p. 3-4.]

After Defendant pointed out these shortcomings in Walton's filing, Walton responded with a motion to correct clerical error. [Filing No. 98.] This motion relies on Fed. R. Civ. P. 36, which is inapplicable, and Rule 60(a)(1), which does not exist. Overlooking these shortcomings, Walton contends there was a problem uploading documents into the Court's electronic filing system. [Filing No. 98, at ECF p. 1.] Attached to Walton's motion is, presumably, the complete motion for extension of time and supporting affidavit that Walton asserts was not properly uploaded. In this motion, Walton asks for a 90-day extension of the discovery deadline (which passed on December 10, 2021), as well as an extension of the February 23, 2022, dispositive

motion deadline to March 30, 2022. [Filing No. 98-1, at ECF p. 4.] Walton also filed a motion to strike Defendant's response to her motion for extension of time [Filing No. 99] as untimely.

Defendant raises valid procedural concerns regarding Walton's motion to strike [Filing No. 102, at ECF p. 1-2] that support denying Walton's motion. Beyond these problems, however, Defendant correctly points out that the response that Walton seeks to strike could not possibly be untimely because the one-page letter docketed with the Court (and served on Defendant) was not a proper "motion" requiring a response. [Filing No. 102, at ECF p. 2-3.] Defendant advises the Court that, after receiving Walton's one-page filing, it waited for her to correct her filing error. When no correction was forthcoming, Defendant proactively filed its response to Walton's purported motion. [Filing No. 102, at ECF p. 3.] Defendant's actions are entirely reasonable. Accordingly, Defendant's response is not untimely, and Walton's motion to strike [Filing No. 99] is denied.

It is Walton's motion for extension of time that is untimely. The discovery deadline expired December 10, 2021. Walton's one-page letter, filed November 22, was not a motion at all. And Walton filed her motion to correct clerical error on December 13, after the discovery deadline passed. Although Walton is proceeding *pro se*, she still must follow the rules, and given that she has filed more than a dozen cases in this Court, she should be familiar with the rules. Nevertheless, the Court will not rest its decision on this shortcoming, so Walton's motion to correct clerical error [Filing No. 98] is granted. However, other reasons support denying Walton's motion for extension of time.

The motion is premised upon Walton's assertion that she made two requests for a Rule 30(b)(6) deposition to which Defendant did not respond. [Filing No. 98-1, at ECF p. 6.] However, Walton provides no support for this claim, nor does she attach any evidence that she made these requests. The only evidence of such a request is her November 17, 2021, letter

requesting a deposition of Defendant's representative. Defendant represents to the Court that it is not aware of any other communication from Walton requesting the deposition of a corporate representative. [Filing No. 102, at ECF p. 4.]

What the record does show is that the only effort Walton made to depose anyone in this case before November 17, 2021, was to serve a subpoena on Defendant's general counsel, which the Court quashed on June 4, 2021. [Filing Nos. 73, 83.] More than six months have passed since then, during which Defendant served its preliminary witness list identifying officers and managers within First Merchants Bank with the names of witnesses who have knowledge about Walton's claims. [Filing No. 87.] Walton simply has not shown good cause why, nearly 10 months after she filed this case, a 90-day enlargement of the discovery deadline and an extension of the dispositive motion deadline is warranted.

Accordingly, the Court grants Walton's motion to correct clerical error [Filing No. 98], denies her motion for extension of time [Filing No. 96], and denies her motion to strike. [Filing No. 99.]

Date: 12/20/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email

DEBORAH WALTON
P.O. Box 292
Carmel, IN 46032